IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YEDIL DYUSSEMBAYEV,<br>*Plaintiff,*<br><br>v.<br><br>TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER - EL PASO et al.,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:25-cv-00208-LS |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

TO THE HONORABLE JUDGE LEON SCHYDLOWER:

Defendants, Texas Tech University Health Sciences Center at El Paso ("TTUHSC"), Peter Catinella, Alajandra Lujan, Armando Meza, and Javaria Anwer (collectively "Defendants"), file this Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Dkt. 57) ("Plaintiff's Objections" or "the Objections"). The Court should overrule Plaintiff's Objections and adopt the Report and Recommendations (Dkt. 55) ("the Report") in its entirety for the following reasons:

## I. ARGUMENT

### A. Plaintiff's Objections are untimely.

On January 23, 2026, the Honorable Judge Torres recommended the Court grant Defendants' Second Motion to Dismiss (Dkt. 39) and dismiss Dkt. 47, 49, and 53 as moot. *See* Dkt. 55. Plaintiff's Objections to the Report were due on February 6,

1

2026—fourteen days following the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). While Plaintiff's Certificate of Service indicates he filed his Objections on February 4, 2026, e-filing notifications, the docket sheet, and the file-marked pleading indicate the Objections were not filed until February 7, 2026, after Plaintiff's fourteen-day deadline. *See* Dkt. 57. The Report and Recommendation specifically provided Notice to Plaintiff that:

> **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

*See* Dkt. 55 at 34. Because Plaintiff's Objections were not timely filed, they need not be reviewed de novo, and are barred from appellate review, except for clear error. *See* 28 U.S.C. § 636(b)(1)(C); *Midkiff v. Prudential Ins. Co. of Am.*, 571 F.Supp.3d 660, 671 (W.D. Tex. 2021).

### B. Plaintiff's Objections are non-specific, conclusory, and frivolous.

Even if the Court were to consider Plaintiff's Objections, it would still come to the same conclusions detailed in the Report because Plaintiff's Objections fail to raise any legitimate factual or legal errors in the Magistrate's findings. "A party filing objections must specifically identify those findings or recommendations to which objections are being made. **The District Court need not consider frivolous, conclusive, or general objections.**" *Midkiff*, 571 F.Supp.3d at 671 (citing *Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)) (emphasis added). Though Plaintiff's Objections to the Report span 72 pages, he failed to state with specificity any legally or factually sound bases upon which the Magistrate erred. *See Thomas v. Arn¸* 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."). Instead, the Objections continuously misstate both Defendants' and the Court's analyses, misapply the law and applicable rules, and peddles dozens of unsubstantiated conclusory statements.

For example, Plaintiff begins by claiming "the Magistrate Judge breached the limits of Dkt. 54 [Referral to Magistrate] by relying on Dkt. 46 [Defendants' Reply]— a non-referred filing—to discredit Plaintiff's [claims]". Dkt. 57 at 2. Plaintiff further contends that Dkt. 44, his Response to Defendants' Motion to Dismiss, "was omitted from the referral order," which led to "Dkt. 55 [the Report] rest[ing] almost entirely on a falsified and incomplete record, drawn from Defendants' Dkt. 39 [Defendants' Motion to Dismiss], while ignoring Plaintiff's verified opposition and procedural challenges." *Id.* Plaintiff plainly misunderstands the referral process. Only the parent motion needs to be referred for all responses and replies to that motion to be considered. In fact, the Magistrate specifically acknowledged Plaintiff's Response to the Motion to Dismiss and even cited to it multiple times in the Report, clearly evidencing that it was reviewed and considered. *See* Dkt. 55 at 2, 8, 28, 29, and 30.

Plaintiff makes the same mistake again concerning Defendants' Motion to Stay Discovery (Dkt. 47) and Plaintiff's Motions for Leave (Dkt. 49 and 53) asserting that

3

the Court "permitted unauthorized defense surreplies (Dkts. 46, 52), ignored Plaintiff's procedurally valid filings (Dkts. 49-3, 49-4) and relied on extra-record materials to discredit verified ADA-related claims." Dkt. 57 at 6. Plaintiff insinuates that the Magistrate failed to act with impartiality which resulted in it "exceed[ing] [its] authority," and "violat[ing] due process." *Id.* at 6–8. And, according to Plaintiff, the Motion to Stay was "de facto grant[ed]," when in reality, the Report clearly states that it has been mooted. *Id.* at 5; Dkt. 55 at 33. Plaintiff's misunderstanding of the proper procedures does not legitimize his objections.

These are only a few examples of improper objections asserted by Plaintiff, but they reflect similar inaccurate and meritless claims littered throughout Plaintiff's Objections. It is not in the interest of judicial economy to belabor each instance, and the Court is well-equipped to identify and disregard most of Plaintiff's Objections as frivolous, conclusive, and/or non-specific.

### C. Plaintiff's Objections fall outside the scope of the Report's conclusions.

Plaintiff also used his Objections as an opportunity to reassert several grievances already resolved and not at issue in the Report to claim that record was deliberately curated in Defendants' favor. Specifically, he complains that his Motion for Equal Disability Accommodations (Dkt. 14), Motion to Disqualify Counsel (Dkt. 16), and Notice of Reckless Disregard for Candor to the Record (Dkt. 40), to name a few, were improperly excluded from the referral. Dkt. 57 at 13–14. Plaintiff fails to mention, however, that both his Motion for Equal Disability Accommodations and Motion to Disqualify Counsel were denied because the Defendants had not yet been

4

served when he filed the motions. Dkt. 15 and 22. And, his Notice to the Court is just that, a notice, in which no judicial action is necessary—despite the inflammatory and fictitious allegations contained therein.

Indeed, many of Plaintiff's Objections do not actually address the substance of his claims addressed in the Report. For example, Plaintiff again complains that the undersigned cannot truly be Defendants' counsel of record because a notice of appearance was not filed. Dkt. 57 at 2. The undersigned has repeatedly represented to Plaintiff that she does, in fact, represent all named Defendants in all capacities and that a formal confirmation or acknowledgement of such representation does not need to be filed to affirm the attorney-client relationship. *See* Dkt. 16-3. Moreover, a separate notice of appearance is not required. The undersigned appeared as counsel of record for all served Defendants in this case on September 19, 2025, when Defendants' Motion to Dismiss—its first responsive pleading—was filed. *See* Dkt. 35. Plaintiff's continued assertions that the undersigned counsel unlawfully represents the Defendants and should therefore be disqualified or sanctioned is untenable.

Further, Plaintiff does not address the substance of the Report's findings until twenty pages into his Objections. These needlessly voluminous and repetitive assertions are precisely the type of broad objections the Supreme Court of the United States sought to curtail so that the district court would not have "to review every issue in every case, no matter how thorough the magistrate's analysis." *Thomas¸* 474 U.S. at 148.

### D. Plaintiff continues to rely on inaccurate AI hallucinations.

Despite the Court's warning as to the risks associated with using artificial intelligence ("AI") for legal briefing, Plaintiff has continued to rely on generative AI in preparing his pleadings. Dkt. 57 at 2, n.2. As the Court noted, AI can be useful and is not prohibited, but parties must verify the accuracy of their pleadings before filing. *Id.* Plaintiff represents that he used verbatim copy-pasted recitations of other pleadings in his Objections, but there are still several inaccurate quotations from both Defendants' Motion to Dismiss and the Report. *See e.g.,* Dkt. 57 at 36, 39–41, 45. The use of quotations around paraphrased text is a misrepresentation of the actual arguments made. While not all of the quoted and cited material in his Objections is hallucinated, the presence of some hallucinations calls into question the accuracy of every quotation and citation in the pleading.

Additionally, Plaintiff attempts to use these comparison tables to point out the similarities between the arguments made in Defendants' Motion to Dismiss to the findings in the Report, claiming that this is evidence that Plaintiff's Response was not given appropriate consideration. Not only does the Report address the matters raised in Plaintiff's Response, but there is also no evidence that the Court simply adopted Defendants' position without performing its own independent analysis. The sheer fact that the Report agreed with the arguments set forth in one party's motion and used much of the same legal authority in support of its conclusions is neither abnormal nor improper.

### E. Plaintiff's substantive objections lack merit.

The Magistrate Judge correctly found that (1) Plaintiff's ADA claims against TTUHSC are barred by sovereign immunity, (2) Plaintiff's federal and state law claims against the individually named Defendants in their official capacities are barred by sovereign immunity, (3) the *Ex Parte Young* exception does not apply to Plaintiff's claims for injunctive relief, (4) the individually named defendants are immune from claims in their individual capacities, (5) Plaintiff failed to plead a *prima facie* case of disability discrimination under the Rehabilitation Act, and (6) Plaintiff failed to plead a *prima facie* defamation claim against the individually named defendants. *See* Dkt. 55.

First, Plaintiff specifically clarified in his Amended Petition that his "claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA) are asserted against Defendant TTUHSC El Paso, the employing entity, and not against the individual defendants." Dkt. 37 at 11. He now attempts to assert that his ADA claims are against the individual defendants in their official capacities. Dkt. 57 at 21. Though Plaintiff claimed he was seeking prospective relief against the official capacity defendants, he never asserted they were pursuant to the ADA and instead claimed they were for alleged "ongoing violations of federal law," which go to his Section 1983 claims. Dkt. 37 at 4. Plaintiff even explicitly stated—more than once—that he "does not seek Title VII or ADA liability against individual defendants." *Id.* Because Plaintiff's ADA claims are brought only against TTUHSC, and not any individual defendants, in any capacity, he cannot obtain injunctive relief

against an entity. The Report properly recommended Plaintiff's ADA claims be dismissed because they are barred by sovereign immunity. Dkt 55 at 10.

Second, Plaintiff does not address the Report's finding that his Section 1983 due process and equal protection claims against the individually named Defendants in their official capacities is barred by sovereign immunity because official capacity claims are essentially against the State itself. *See* Dkt. 55 at 11. Concerning Plaintiff's defamation claim against the individual defendants, he contends that he never pled a claim under the Texas Tort Claims Act ("TTCA"), and that it was therefore, fabricated by Defendants and improperly espoused in the Report. Dkt. 57 at 30–31, 33. Plaintiff specifically pleads his defamation claim is brought pursuant to "state common law." Dkt. 37 at 11. Because defamation is a tort, he need not plead the TTCA by name for it to apply to his claim. *See* Tex. Civ. Prac. & Rem. Code § 101.057. Accordingly, the Report correctly concluded that Plaintiff's defamation claim should be dismissed because it is brought in Federal court, not State court, and because the State has not waived sovereign immunity for defamation. Dkt. 55 at 13.

Concerning his breach of contract claim against the individually named Defendants in their official capacities, Plaintiff claims the Court did not assess whether the *Ex parte Young* exception to sovereign immunity is applicable, as he contends. *Id.* at 37–38. To the contrary, the Report does analyze *Ex parte Young*—which Plaintiff recognizes on the very next page—and concluded that the exception does not apply because Plaintiff does not seek prospective relief for an ongoing violation of federal law. *Id.*; Dkt. 55 at 15. Here, Plaintiff's Objections merely restate

8

his prior position as set forth in his Response without meaningful engagement in the Report's explanation of why his claims are barred by sovereign immunity.

This pattern holds true for the remainder of Plaintiff's Objections to the Report's recommendations that his claims be dismissed. He continues to assert that the Report's agreement with Defendants' arguments must be attributed to a lack of independent analysis. Not so. While the Report adopts Defendants' positions, the Court clearly contemplated Plaintiff's arguments in reaching its recommendations and there is no evidence to the contrary. Plaintiff's disagreement with the Report, without clearly stated objections that have a sound basis in law or fact, is insufficient. Plaintiff's arguments are plentiful, but they lack the accuracy and discernment necessary to result in any findings other than those the Magistrate judiciously recommends.

## II.     CONCLUSION

Accordingly, Defendants respectfully request the Court overrule Plaintiff's Objections, adopt the Report in its entirety, and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

*/s/ Melissa B. Hostick*
**MELISSA B. HOSTICK**
Attorney-in-Charge
Texas Bar No. 24128832
Assistant Attorney General
General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (737) 218-3457
Fax: (512) 320-0667
Melissa.Hostick@oag.texas.gov

***ATTORNEY FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I certify that on February 23, 2026, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all parties and counsel of record.

**Yedil Dyussembayev**
122 Lakeview Drive
Apt 1230
Katy, TX 77494
Ph: (346) 244-9426

*Plaintiff Pro Se*

*/s/ Melissa B. Hostick*
**MELISSA B. HOSTICK**
Assistant Attorney General